Charles Larry JONES, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 97-8958.

United States Court of Appeals,

Eleventh Circuit.

Aug. 29, 2000.

Appeal from the United States District Court for the Northern District of Georgia. (No. 97-00041-3-CV-RLV), Jack T. Camp, Judge.

Before TJOFLAT, WILSON and FLETCHER[*], Circuit Judges.

WILSON, Circuit Judge:

Charles Larry Jones, a federal prisoner convicted on drug charges, appeals the denial of his motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. As a threshold matter, we rule that we

will expand Jones's certificate of appealability (COA) to include issues beyond those certified by the district

court, especially when, as here, we have received a specific request directing us to the particular issue the

petitioner wishes to appeal. Because Jones has shown that his counsel rendered ineffective assistance by

failing to move for suppression of evidence and failing to object to a general sentence, we remand for further

proceedings to determine whether his counsel's ineffectiveness deprived Jones of a fair trial, and for

resentencing if necessary.

*BACKGROUND*

*The Underlying Criminal Case*

On July 14, 1988, the government obtained an investigative warrant to tap Jones's phone. Thereafter,

the government intercepted and taped conversations between Jones and others until August 18, 1988.[1] Acting

on information from the intercepted conversations, the government arrested Jones and several other alleged

---

[*]Honorable Betty B. Fletcher, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

[1]The warrant's expiration date, after being extended, was August 23, 1988.

conspirators on August 18, 1988. Nothing in the trial court record shows that the tapes from the tapped phone conversations were sealed pursuant to a written sealing order. However, it appears that on September 19, 1988, a judge orally granted a request to seal the tapes.[2] This thirty-one-day delay became significant in light of a development in Supreme Court precedent occurring while Jones's case was pending.[3]

This development pertained to 18 U.S.C. § 2518(8)(a)'s requirement that wiretap tapes be sealed "immediately" upon expiration of the order authorizing the wiretap. When Jones was arrested, the law of this circuit was that a court would not grant a motion to suppress based on a delay in sealing wiretap evidence, unless the defendant could show prejudice or that the integrity of the recordings was disturbed.[4] On October 10, 1989, the Supreme Court granted certiorari to resolve an inter-circuit conflict regarding whether this "prejudice" requirement was appropriate.[5] Over one month after the grant of certiorari, Jones's counsel moved to suppress the wiretap evidence. The motion mentioned neither the delay in sealing the tapes nor the grant of certiorari.[6] The magistrate judge recommended denying the motion to suppress.

The tapes were entered into evidence and played to the jury at trial. The jury convicted Jones on four counts: conspiring to make and distribute methamphetamine, manufacturing a precursor of methamphetamine called phenyl-2-propanone, and two counts of attempting to make methamphetamine. The district court imposed a general sentence of 360 months' imprisonment on all four counts. Jones's counsel did not object

---

[2]A transcript of proceedings in the Superior Court for Cobb County, Georgia shows that Judge P. Harris Hines received the tapes and signed a receipt on the back of the investigative warrant stating "Receipt of black, rectangular, metal box, containing 21 cassette (sic) tapes hereby acknowledged. This the 19th day of Sept., 1988."

[3]*See* 18 U.S.C. § 2518(8)(a) (requiring sealing of evidence tapes "immediately" upon expiration of order authorizing wiretap).

[4]*See United States v. Diadone,* 558 F.2d 775, 780 (5th Cir.1977); *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc) (adopting as binding precedent all cases decided in the 5th Circuit prior to the close of business on September 30, 1981).

[5]*See United States v. Ojeda Rios,* 493 U.S. 889, 110 S.Ct. 231, 107 L.Ed.2d 183 (1989) (granting certiorari to review *United States v. Ojeda Rios,* 875 F.2d 17 (2d Cir.1989)).

[6]A memorandum in support of the suppression motion, filed two months after the grant of certiorari, likewise made no mention of the sealing delay.

to the general nature of the sentence.

Jones's counsel filed a notice of appeal on April 30, 1990—the same day the Supreme Court issued its opinion in *United States v. Ojeda Rios*.[7] The record does not reflect that Jones's counsel raised on appeal the change in law regarding suppression of wiretap evidence. This court affirmed Jones's conviction without mentioning the delay in sealing the wiretap evidence. *See United States v. Jones,* 940 F.2d 673 (1991), *cert. denied, sub nom. Newsome v. United States,* 502 U.S. 1076, 112 S.Ct. 977, 117 L.Ed.2d 141 (1992).

*The § 2255 Proceedings*

Jones moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Among the grounds for Jones's motion were that his attorney ineffectively failed to (1) move to suppress wiretap evidence; (2) object to an unlawful general sentence; and (3) object to Jones's sentence being enhanced based on a type of methamphetamine for which there was no proof Jones had made, had attempted to make, or had conspired to manufacture. The district court denied Jones's § 2255 motion. Jones appealed. The district court certified only two issues for appeal:

> Whether the defendant was deprived of the effective assistance of counsel by (1) his attorney's failure to require proof as to the kind of methamphetamine for which the defendant was to be sentenced and (2) his attorney's failure to object to the general sentence imposed by the court.

Jones then asked this court to expand the COA to cover the wiretap issue.

*DISCUSSION*

*Certificate of Appealability (COA)*

As a threshold matter, we must resolve whether we will expand our review beyond the two issues certified for appeal by the district court. Jones appealed from the denial of his § 2255 motion on August 27, 1997. His appeal is therefore governed by the COA requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Slack v. McDaniel,* --- U.S. ----, 120 S.Ct. 1595, 1600, 146 L.Ed.2d 542 (2000) (when appeal is initiated after April 24, 1996, AEDPA's appellate provisions apply).

---

[7]*See United States v. Ojeda Rios,* 495 U.S. 257, 110 S.Ct. 1845, 109 L.Ed.2d 224 (1990) (ruling that defendant need not show prejudice to obtain suppression; government could not use wiretap evidence unless it could show either prompt sealing of tapes or a reasonable excuse for not doing so).

Under the AEDPA, a petitioner must obtain a COA before he can appeal the denial of a § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B). The COA must indicate specific issues for which the appellant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* 28 U.S.C. § 2253(c)(3). Our review is limited to the issues specified in the COA. *See Murray v. United States,* 145 F.3d 1249, 1250 (11th Cir.1998). Therefore, unless Jones succeeds in expanding the district court's COA, we will not consider Jones's uncertified appellate claim that he was deprived of the effective assistance of counsel with respect to the suppression of wiretap evidence.

The COA process begins in the district court when the prisoner files either a notice of appeal or a request for a COA. *See* Fed.R.App.P. 22(b); 11th Cir.R. 22-1; *Edwards v. United States,* 114 F.3d 1083, 1084 (11th Cir.1997). If the district court declines to issue a COA, this court can issue one pursuant to Fed.R.App.P. 22(b)(2). Thus, "[u]nder the plain language of the rule, an applicant for the writ gets two bites at the appeal certificate apple: one before the district judge, and if that one is unsuccessful, he gets a second one before a circuit judge." *Hunter v. United States,* 101 F.3d 1565, 1575 (11th Cir.1996) (en banc), *partially overruled on other grounds by Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). An appellant can seek this "second bite" by expressly requesting this court to issue a COA, or by filing a notice of appeal. *See* Fed.R.App.P. 22(b)(2).

Therefore, the rules provide that a bare notice of appeal can serve as a request for us to revisit a district court's complete refusal to issue a COA. But the rules do not expressly cover the situation where the district court issues not a total denial, but a partial denial, by granting a COA on less than all the issues the petitioner wishes to appeal. Does a bare notice of appeal suffice as a request to broaden the scope of the certificate?

The circuits are divided on whether an appellant seeking to expand a COA may do so simply by filing a notice of appeal,[8] or whether he or she must request a broader COA by presenting the uncertified issue

---

[8]*See Ross v. Ward,* 165 F.3d 793, 797, 802 (10th Cir.) *cert. denied sub nom. Ross v. Gibson,* --- U.S. ----, 120 S.Ct. 208, 145 L.Ed.2d 175 (1999) (considering request to broaden certificate when petitioner requested in his brief that COA be expanded, but ultimately ruling that petitioner had not made "substantial showing" of denial of constitutional right on uncertified issues); *Kincade v. Sparkman,* 117

to the circuit court's attention explicitly.[9]  The government argues that the Eleventh Circuit falls in the latter category, citing *Tompkins v. Moore,* 193 F.3d 1327 (11th Cir.1999), *petition for cert. filed,* --- U.S.L.W. ---- (U.S. June 12, 2000) (No. 99-10113).  There we suggested that AEDPA petitioners could expand a COA only by filing a request with this court before briefing:

> An application to expand the certificate must be filed promptly, well before the opening brief is done.  Arguments in a brief addressing issues not covered in the certificate, including any expansion granted by the court of appeals, will not be considered as a timely application for expansion of the certificate; those issues simply will not be reviewed.

*Id.* at 1332.  But because *Tompkins* involved pre-AEDPA law, its statements regarding AEDPA procedure are dicta.

The "explicit request" requirement for expanding a COA has its pros and cons.  It furthers the usefulness of the COA by directing the parties' attention at an early stage of the proceedings to the vital issues.  On the other hand, an appellant who receives a partial COA can be actually worse off than one whose application for a COA is denied in full by the district court;  when a COA application is totally denied, we treat the notice of appeal as an application for this court to issue a COA and consider *de novo* whether to grant one.  *Cf.* Fed.R.App.P. 22(b)(2);  *Hunter,* 101 F.3d at 1575.

At any rate, we need not decide the issue today, for Jones has satisfied the more stringent standard

---

F.3d 949, 953 (6th Cir.1997) ("By filing a notice of appeal, Kincade filed an informal request with this Court to review the district court's denial as to his remaining claims.");  *Porter v. Gramley,* 112 F.3d 1308, 1312 (7th Cir.1997) (when district court granted limited certificate, notice of appeal "in effect" asked circuit court to expand COA).

[9]*See Bui v. DiPaolo,* 170 F.3d 232, 237 (1st Cir.1999) ("[W]e will not treat an inexplicit notice of appeal, without more, as an invitation to review the district court's denial of certification with regard to the petitioner's remaining claims.");  *United States v. Kimler,* 150 F.3d 429, 430 (5th Cir.1998) (requiring express request to expand COA and ruling that notice of appeal was not a constructive request to expand certificate to cover uncertified issues)*; cf. Hunter v. Bowersox,* 172 F.3d 1016, 1019 (8th Cir.1999) (appellant applied for expanded certificate;  circuit court expanded certificate without discussion), *cert. denied,* --- U.S. ----, 120 S.Ct. 987, 145 L.Ed.2d 936 (2000).  In the Ninth Circuit, a petitioner seeking to broaden the scope of appealable issues must file a "motion for broader certification" within 35 days after the district court issues a partial COA.  *See* 9th Cir. R. 22-1(d);  *United States v. Zuno-Arce,* 209 F.3d 1095, 1099-100 (9th Cir.2000) (citing local rule and quoting Advisory Committee Note that " 'if a party wishes to ask the merits panel to broaden the scope of the appeal beyond what was allowed by a motions panel of this court, such a motion ... may be filed in the court of appeals promptly after the completion of briefing.' ").

by presenting this court with an explicit request to broaden his COA. He did so by moving in this court for an enlargement of time to file an application for a COA covering all the issues raised in his § 2255 motion. A judge of this court denied the motion and directed Jones to limit his brief to the two issues certified for appeal. Jones moved for panel reconsideration of the single-judge denial. Attached to his motion was an application to amend the COA, specifically presenting the additional claim Jones wishes to present before this court today: that he was denied effective assistance of counsel with respect to the suppression of wiretap evidence.

The government moved to dismiss the portions of Jones's appeal that addressed uncertified issues. A two-judge panel of this court ordered the government's motion and Jones's motion for reconsideration to be carried with the case. Later, a three-judge panel ordered that Jones's motion for reconsideration be denied and that the government's motion to dismiss be carried with the case.

At oral argument, the government suggested that Jones should be limited to arguing the two certified claims, as indicated by the denial of reconsideration of the order limiting Jones to two issues. However, the motion panel's denial does not bind the panel hearing the case on the merits. *See* 11th Cir. R. 27-1(g) ("A ruling on a motion or other interlocutory matter ... is not binding upon the panel to which the appeal is assigned on the merits, and the merits panel may alter, amend, or vacate it."); *Vann v. Citicorp Savings,* 891 F.2d 1507, 1509 n. 2 (11th Cir.1990) (citing rule). In other words, the "law of the case" doctrine[10] does not apply to an administrative ruling issued pending oral argument. *Cf. Henry v. Department of Corrections,* 197 F.3d 1361, 1366 n. 2 (11th Cir.1999) (motions judge's ruling on COA was not law of the case on future appeal).

Because Jones explicitly requested that his COA be expanded to cover the wiretap suppression issue, and because we find that he has made a substantial showing that he was denied his constitutional right to effective assistance of counsel, we grant Jones's request to expand the scope of his certificate. We certify this

---

[10]*Cf. In re Justice Oaks II, Ltd. (Wallis v. Justice Oaks II, Ltd.),* 898 F.2d 1544, 1549 n. 3 (11th Cir.1990) (explaining doctrine); 18 Wright, Miller, *et al., Federal Practice & Procedure* § 4478 (1981 and 2000 Supp.).

additional issue: whether the defendant was deprived of the effective assistance of counsel by his attorney's failure to argue for the suppression of wiretap evidence due to the sealing requirements of 18 U.S.C. § 2518(8)(a).

*Ineffective Assistance of Counsel*

In reviewing the denial of a § 2255 motion, we examine legal issues *de novo* and underlying factual findings for clear error. *See, e.g., Castillo v. United States,* 200 F.3d 735, 736 (11th Cir.2000) (per curiam). Ineffectiveness of counsel is a mixed question of law and fact reviewed *de novo. See Meeks v. Moore,* 216 F.3d 951, 959 (11th Cir.2000).

To establish that he was denied his Sixth Amendment right to effective counsel, Jones must show two things. First, Jones must show that his counsel was deficient; that is, that his representation " 'fell below an objective standard of reasonableness.' " *Williams v. Taylor,* --- U.S. ----, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Second, Jones must show that the deficient performance prejudiced his right to a fair trial. *See id.* Prejudice is found when " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* at 1512 (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). We address Jones's contentions in turn.

*Suppression of Wiretap Evidence*

Jones states that his counsel was deficient in failing to argue for the suppression of wiretap evidence based on the sealing requirements of 18 U.S.C. § 2518(8)(a). We agree.

18 U.S.C. § 2518(8)(a) requires that immediately upon expiration of an order authorizing interception and recording of certain communications, the recordings must be sealed under the direction of the judge who issued the order. The statute contains "an explicit exclusionary remedy for noncompliance," providing that " 'the presence of the seal ... or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents' " of the recordings, or evidence derived therefrom, in a proceeding. *United States v. Ojeda Rios,* 495 U.S. 257, 260, 110 S.Ct. 1845, 109 L.Ed.2d 224 (1990) (quoting 18 U.S.C.

§ 2518(8)(a)).  In Jones's case, the record indicates the tapes of the wiretap surveillance of his telephone were sealed, at best, no earlier than thirty-one days after the surveillance terminated.[11]  The government has proffered no explanation for the delay in sealing the tapes.

When the case against Jones began, the law of this circuit was that a delay in the sealing of wiretap recordings did not require suppression if the government "accounted for the delay" and there was no showing of prejudice or that the integrity of the recordings was disturbed.  *United States v. Diadone,* 558 F.2d 775, 780 (5th Cir.1977); *see Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc) (adopting as binding precedent all cases decided in the Fifth Circuit prior to the close of business on September 30, 1981).

On October 10, 1989, the Supreme Court granted certiorari to review *United States v. Ojeda Rios,* a Second Circuit case that reached a result contrary to that which would have been reached under this court's precedent.[12]  From that date, Jones's counsel was on notice that the Court would be considering the circumstances under which wiretap evidence must be suppressed.  Over a month after the grant of certiorari, Jones's counsel moved to suppress the wiretap evidence.  Jones's motion did not raise the delay in sealing the tapes as a basis for their suppression.  Nor did it mention the grant of certiorari.  Even two months after the grant of certiorari, when filing a memorandum in support of the suppression motion, counsel did not raise the issue.

Since the district court would be required to follow the law of this circuit until it was overruled by the Supreme Court or an *en banc* panel of this court, it was not completely unreasonable for counsel to make a strategic decision to forego a claim that was a loser under the then-current state of the law.[13]  The highest

---

[11]Jones has provided this court with a transcript of state court proceedings in which a Cobb County judge agreed to receive the tapes and seal them, but there is currently no evidence in the district court record that the tapes were ever judicially sealed at all.

[12]*See United States v. Ojeda Rios,* 493 U.S. 889, 110 S.Ct. 231, 107 L.Ed.2d 183 (1989) (granting certiorari to review *United States v. Ojeda Rios,* 875 F.2d 17 (2d Cir.1989)).

[13]Under *Diadone,* Jones would not be entitled to suppression unless he could have shown that he was prejudiced by the delay or that the integrity of the tapes was compromised.  *See Diadone,* 558 F.2d at 780.  Nothing in the record indicates that Jones could have made such a showing.

standards of practice would suggest that Jones's counsel should have acted to preserve Jones's rights in light of the Supreme Court's unequivocal signal that a ruling would be forthcoming.[14] But we are not prepared to say categorically that counsel's failure to do so constituted prejudicial, ineffective nonfeasance while the law was still unsettled. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (reviewing court should not second-guess or apply hindsight); *Sullivan v. Wainwright,* 695 F.2d 1306, 1309 (11th Cir.1983) (counsel's "failure to divine" change in unsettled law did not constitute ineffective assistance); *Nelson v. Estelle,* 642 F.2d 903, 908 (5th Cir. Unit A Apr.1981) ("counsel is normally not expected to foresee future new developments in the law").

Once the Supreme Court ruled in *Ojeda Rios,* however, the situation became completely different. There was no need for speculation or clairvoyance. The Supreme Court had rejected the Eleventh Circuit's requirement that a defendant had to show prejudice, or that the evidence had become compromised, as a prerequisite to suppression. *See Ojeda Rios,* 495 U.S. at 264-65, 110 S.Ct. 1845 (statute requires "satisfactory explanation" for delay, not just "proof of nontampering"). The law was then clear that unless the government could come up with a satisfactory explanation for the thirty-one day delay in sealing Jones's tapes, the tapes and all evidence derived from them should have been suppressed. *See Ojeda Rios,* 495 U.S. at 265 and n. 5, 110 S.Ct. 1845 (overruling our precedent in *Diadone* ); *cf. United States v. Feiste,* 961 F.2d 1349, 1350 (8th Cir.1992) (affirming suppression when 31-day delay not excused).

Coincidentally, the Court issued its opinion in *Ojeda Rios* the same day Jones's counsel filed his notice of appeal. The "satisfactory explanation" requirement of *Ojeda Rios* applied retroactively to Jones's case, which had not even been briefed on appeal, much less become final. *See Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (when Supreme Court applies rule of

---

[14]For example, see *United States v. Carson,* 969 F.2d 1480, 1483 (3d Cir.1992). There, although pre-*Ojeda* Third Circuit precedent was similar to ours, counsel moved to suppress tapes due to delays in sealing. The tapes were not suppressed. Counsel preserved their clients' rights by moving for new trials, appealing, and filing petitions for certiorari with the Supreme Court. *See id.* Thus, when the Supreme Court issued its opinion in *Ojeda Rios,* the Third Circuit recalled its mandate and remanded the cases to the district court for reevaluation of the wiretap suppression issues. *See id.* Ideally, Jones's counsel would have taken similar steps, preserving the issue for direct review.

federal law, that rule "must be given full retroactive effect in all cases still open on direct review"); *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final"). Once *Ojeda Rios* was decided, it was clear that its holding applied to Jones's case. Therefore, failing to argue for suppression in light of the thirty-one day delay in sealing the tapes fell below an "objective standard of reasonableness." *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052.

This failure alone, however, will not entitle Jones to relief unless he can show he was prejudiced by it. *See id.* at 687, 104 S.Ct. 2052. Jones must show a reasonable probability that the outcome of his case would have been different if his counsel had argued for suppression based on the delay in sealing the tapes. The district court did not resolve this issue because it erroneously considered Jones's counsel to have acted effectively merely by filing the original suppression motion.

Accordingly, we remand to the district court for consideration of whether Jones's conviction could stand without the use of the wiretap evidence or its fruits. *Cf. Kimmelman v. Morrison,* 477 U.S. 365, 389, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (test is "whether a reasonable probability exists that the trial judge would have had a reasonable doubt concerning respondent's guilt if the [excludible evidence] and related testimony had been excluded"). If the wiretap evidence was crucial to Jones's conviction, the district court must then determine whether the government had a "satisfactory explanation" for the thirty-one day delay in sealing the tapes, if indeed they were ever sealed. *See Ojeda Rios,* 495 U.S. at 265, 110 S.Ct. 1845 (government must explain "not only why a delay occurred but also why it is excusable"); *United States v. Carson,* 969 F.2d 1480, 1483, 1491-98 (3d Cir.1992) (noting that circuit court had remanded suppression issues for district court's consideration in light of *Ojeda Rios,* and discussing factors excusing delay).[15] If the government cannot establish a satisfactory reason for the delay, and it is reasonably certain the outcome of Jones's case would have been different if the wiretap evidence were suppressed, Jones was deprived of his

---

[15]For cases discussing what constitutes excusable delay, see, *e.g., United States v. Quintero,* 38 F.3d 1317, 1325-31 (3d Cir.1994); *Feiste,* 961 F.2d at 1351; *United States v. Pedroni,* 958 F.2d 262, 266-267 (9th Cir.1992); *United States v. Maldonado-Rivera,* 922 F.2d 934, 950 (2d Cir.1990).

Sixth Amendment right to a fair trial and deserves relief under 28 U.S.C. § 2255.

*Sentencing*

If the district court determines that Jones's conviction and sentence should not be vacated due to the use of the wiretap evidence, a second issue must be reached. Jones argues that the district court erred in failing to vacate or amend his sentence due to his attorney's failure to object to the general sentence imposed by the court. "A defendant has a constitutional right to effective assistance of counsel at sentencing." *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir.1992). This court applies the *Strickland* test for effective assistance of counsel to noncapital as well as capital sentencing cases.[16]

Jones was convicted of four counts relating to the manufacture and distribution of methamphetamine. The district court imposed a general sentence of 360 months' imprisonment for all four counts. "A general sentence is an undivided sentence for more than one count that does not exceed the maximum possible aggregate sentence for all the counts but does exceed the maximum allowable sentence on one of the counts." *United States v. Woodard,* 938 F.2d 1255, 1256 (11th Cir.1991).

As the district court noted, since "general sentences have been held to be *per se* illegal in our circuit,"[17] if Jones had challenged his sentence on appeal, this court would have vacated the sentence and remanded for resentencing. Under this scenario, the district court concluded, it would have resentenced Jones to the same 360-month term of imprisonment. Because Jones would not have received a lesser sentence, the court reasoned, he suffered no prejudice and was not entitled to relief under § 2255.

The test, however, is not what the court might have done; the test is whether the original sentence comported with the law. *See Strickland,* 466 U.S. at 695, 104 S.Ct. 2052 ("[E]vidence about, for example, a particular judge's sentencing practices[ ] should not be considered in the prejudice determination."). Accordingly, we vacate Jones's sentence and remand for resentencing.

---

[16]*See Strickland,* 466 U.S. at 686, 104 S.Ct. 2052 (leaving open the issue of how to define "constitutionally effective assistance" in noncapital sentencing cases); *Reece v. United States,* 119 F.3d 1462, 1464 (11th Cir.1997) (using *Strickland* test to determine whether counsel effectively represented defendant during sentencing phase of noncapital methamphetamine case).

[17]*Woodard,* 938 F.2d at 1256.

*Failing to Object to Holding Jones Accountable for D-methamphetamine*

Jones argues that his counsel was ineffective in failing to object to his sentence because he was not proven to have attempted or conspired to produce a particular type of methamphetamine, D-methamphetamine, that draws a harsher sentence than the more benign L-methamphetamine. D-methamphetamine produces the physiological effects desired by the drug's users; L-methamphetamine has little or no physiological effect, is not made intentionally but results from a botched attempt to produce D-methamphetamine, and is utterly worthless. *See Reece v. United States,* 119 F.3d 1462, 1469 (11th Cir.1997). To establish prejudice based upon counsel's failure to object to the use of D-methamphetamine at sentencing, a petitioner must represent that he can establish that the methamphetamine involved was the L-type. *See id.* at 1468. Where the record and common sense indicate no dispute as to which form of the drug was involved in the offense, no prejudice can be shown. *See id.* at 1470-71.

Trial evidence revealed that Jones wanted to manufacture "some real strong methamphetamine, strong enough so that it could be cut." Only D-methamphetamine produces a strong physiological effect. *See id.* at 1469. Jones has not pointed to any record evidence that establishes his intent to manufacture L-methamphetamine. Thus, he cannot show prejudice from his counsel's failure to object, and we affirm the district court's denial of relief.

## *CONCLUSION*

We grant Jones's request to expand the certificate of appealability. Because Jones's counsel failed to argue a change in controlling precedent that warranted moving for suppression of wiretap evidence, we remand for consideration of whether that failure deprived Jones of a fair trial under *Strickland v. Washington.* Further, we vacate Jones's general sentence and remand for resentencing if necessary. In all other respects, we affirm the judgment of the district court.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.