[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16392

_____

D. C. Docket No. 04-00200-CR-UC-RRA

PHILLIP KELLEY BOBO,

                                                        Plaintiff-Appellee,

versus

UNITED STATES OF AMERICA,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 23, 2006)**

Before ANDERSON, BARKETT and BOWMAN*, Circuit Judges.

PER CURIAM:

_____
*Honorable Pasco M. Bowman, II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

The government brings this interlocutory appeal from a pre-trial order limiting the evidence and argument which it may present in its prosecution of Philip Kelley Bobo for health care fraud and related offenses after a remand from this court. The government also requests reassignment of this case upon remand.[1]

After we vacated Bobo's initial conviction for conspiracy and health-care due to a defective indictment, United States v. Bobo, 344 F.3d 1076 (11th Cir. 2003), Bobo was indicted once more, on the basis of new evidence, for: (i) conspiracy, in violation of 18 U.S.C. § 371; (ii) health-care fraud, in violation of 18 U.S.C. § 1347; (iii) wire fraud, in violation of 18 U.S.C. § 1343; (iv) misapplication of funds from a federally funded program, in violation of 18 U.S.C. § 666; (v) two counts of witness tampering, in violation of 18 U.S.C. § 1512; (vi) making false statements to a federal agent, in violation of 18 U.S.C. § 1001; and (vii) making false statements to the court, a violation of 18 U.S.C. § 1623. The second indictment also brought charges against two alleged co-conspirators, Don Siegelman and Paul Hamrick.

The charges against Bobo arose out of his allegedly fraudulent conduct during the bidding process for contracts issued under the Alabama Medicaid Maternity Care Program (MCP). Although that bid process was not directly

---

[1] Because the issues in this case are intertwined with facts and events memorialized in the transcripts and exhibits from Bobo's first trial, as well as from proceedings occurring after the case was remanded from this court, we deny Bobo's motion to strike these materials from the record on appeal.

governed by Alabama's Competitive Bid Law (CBL), because the CBL

specifically exempts contracts securing the services of physicians (like Dr. Bobo),

see Ala. Code § 41-16-51(a)(3), MCP specifically adopted the CBL's provisions

for its own bid process. Nonetheless, in the indictment against Bobo, the

government charged that "Alabama law prohibited bidders from making

agreements that undermine competition in the bid process," citing to the CBL, Ala.

Code § 41-16-55. Prior to trial, Bobo moved to preclude the government from

introducing evidence that contracts issued under the MCP are covered by the CBL.

The court granted the motion, explaining that:

> "[t]he indictment in this case . . . alleges that 'Alabama state law
> authorized the Alabama Medical agency to award contracts using a
> competitive-bid process, which the agency chose to do.' . . . However,
> in the very next sentence, the Indictment alleges: 'Alabama law
> prohibited bidders from making agreements that undermine
> competition in the bid process. Ala. Code § 41-16-55.' But the
> statutory provision cited in the Indictment is part of the Alabama
> Competitive Bid Law."

Thus there is no doubt that the district court at least recognized what the

government conceded at oral argument – namely, that Bobo cannot be charged

with a violation of Alabama law as that law itself excludes Bobo from its ambit.

However, while Alabama law does not *require* MCP contracts to be awarded

under the CBL, no authority dictates that the Alabama Medicaid Agency was

*prohibited* from choosing to select MCP providers according to the CBL's

3

requirements and procedures.[2] The CBL governed Bobo's behavior not because state law mandated its applicability, but because the Agency chose to employ it and because Bobo, in order to pursue the MCP contracts, explicitly agreed to abide by its requirements. Thus, when the district court ordered that the government "shall not offer evidence or argue that the [MCP] contracts referenced in the Indictment are covered by the [CBL]," it could not have meant that the government is precluded from offering evidence regarding alleged violations of the bid process that would support any federal cause of action. Similarly, when the district court allowed that the government is "not preclude[d] . . . from arguing and proving that the MCP did, in fact, use a bid process for its contracts," it could not have meant that the government may not invoke the language of the CBL, or even the source of that language, as proof of said bid process. In short, we construe the order to permit the government to argue and present evidence of the bid process's relevant provisions and their violation for the purposes of the federal charges against Bobo, so long as it does not argue or present evidence that Bobo violated Alabama law. To the extent that the district court intended to draw this important distinction, it committed no reversible error.

---

[2] The district court's order correctly relied upon an opinion of the Alabama Attorney General specifically allowing that "[w]hether the Competitive Bid Law is applicable or not, an agency may utilize the competitive bid process to award a contract if the process will achieve the best product at the lowest price." Op. Ala. Att'y Gen. 2001-0089 at 5.

With reference to the government's motion to have this case reassigned on remand, we initially note that a panel of this court denied the government's earlier motion for this relief as outside the scope of the government's interlocutory appeal. However, "[a] ruling on a motion or other interlocutory matter . . . is not binding upon the panel to which the appeal is assigned on the merits, and the merits panel may alter, amend, or vacate it." 11th Cir. Rule 27-1(g). See McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1253 (11th Cir. 2004); Jones v. United States, 224 F.3d 1251, 1256 (11th Cir. 2000); United States v. White, 846 F.2d 678, (11th Cir. 1988). Having reviewed the entire record in this case as well as the Siegelman-Hamrick trial, we now reconsider the government's motion.

The government's proof of bias is taken primarily from the transcript of the Siegelman-Hamrick proceedings, and the government offers little or no proof from proceedings specifically against Bobo that the district court was or is biased against its prosecution of this particular defendant. Nonetheless, these matters are unquestionably intertwined, perhaps especially so in "the public mind" whose "image of absolute impartiality and fairness of the judiciary" we must vigilantly preserve. United States v. Torkington, 874 F.2d 1441, 1446 (11th Cir. 1989). Although the trials judge's involvement in the Siegelman-Hamrick proceedings does not rise to the level of actual bias, certain aspects of his participation, such as sustaining objections where Bobo's attorney apparently failed to raise any, might

5

"give rise to the appearance of . . . a lack of impartiality in the mind of a reasonable member of the public." Id. Thus "we respond to the appearance of a lack of neutrality" and, in the interest of eliminating any doubt of judicial fairness and impartiality, we direct that this case be reassigned to a different judge upon remand for further proceedings.

AFFIRMED and REMANDED for further proceedings with the direction that the matter be REASSIGNED by the most senior active judge of the Northern District of Alabama who has not been recused in this case .