[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15216
Non-Argument Calendar

_____

D. C. Docket Nos. 04-01613-CV-ORL-19-DAB & 01-00183-CR-ORL

AUBREY JERMAINE CUMMINGS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 25, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Aubrey Jermaine Cummings, a pro se federal prisoner serving a life term of imprisonment -- an enhanced term, pursuant to 21 U.S.C. § 841(b)(1)(A), based on the fact that Cummings previously had been convicted of three felony drug offenses -- for conspiring to possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of cocaine, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.[1] On appeal, Cummings argues that the district court erred by finding that his claims were procedurally barred. We review a district court's legal conclusions in a 28 U.S.C. § 2255 proceeding de novo. Garcia v. United States, 278 F.3d 1210, 1212 (11th Cir. 2002). After careful review, we affirm.

In his motion to vacate, Cummings asserted the following claims, which we have slightly rephrased as follows: (1) the original trial court lacked subject matter jurisdiction because the indictment alleged a non-offense; (2) in light of Apprendi v. New Jersey[2] and Blakely v. Washington,[3] his conviction and life sentence must be vacated; and (3) he received ineffective assistance of counsel. The district court found that the first two claims were procedurally barred because they had not been

---

[1]We previously affirmed Cummings's convictions and sentence. See United States v. Cummings, No. 02-14349 (11th Cir. Jun. 6, 2003) (unpublished).

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[3] Blakely v. Washington, 542 U.S. 296 (2004).

raised on direct appeal and that Cummings had not alleged or demonstrated cause and prejudice to excuse the procedural default. The district court determined that the ineffective-assistance claim failed on the merits, under the applicable Strickland v. Washington[4] standard. We granted a certificate of appealability on one issue:[5]

> Whether the district court improperly determined that [rephrased] claims [(1) and (2)] listed in appellant's 28 U.S.C. § 2255 motion to vacate were procedurally barred?

On appeal, Cummings argues, in essence, that claims (1) and (2) were collateral attacks based on ineffective assistance of counsel and, therefore, the district court improperly determined that they were procedurally barred based on his failure to assert them on direct appeal. Thus, he urges the district court should have reached the merits of the claims.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). By contrast, the Supreme Court has held that "an ineffective-assistance-of-counsel claim may be brought in a

---

[4]Strickland v. Washington, 466 U.S. 668, 688-90 (1984)

[5]To the extent Cummings raises other arguments beyond the scope of our COA, we do not consider them.

collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). Moreover, we generally will not consider on direct appeal claims of ineffective assistance of counsel if the district court neither entertained the claims nor developed a factual record. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).

Construing Cummings's pro se pleadings liberally, as the district court also was required to do, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2003), it is clear that Cummings's claims (1) and (2) were, in fact, collateral attacks asserting ineffective assistance of counsel. On his § 2255 motion form, Cummings stated that these claims were being raised because of his prior counsel's failure to raise them at trial or on direct appeal. Moreover, on the form he explicitly identified the Apprendi/Blakely claims as being ineffective-assistance claims. And in the memorandum that Cummings filed in conjunction with his § 2255 form, he noted that his attorney had failed to make Apprendi objections, resulting in his conviction and subsequent enhanced sentence. In a later pleading, Cummings stated that his claims were "raised in conjunction with ineffective assistance of counsel claims." Finally, in his reply brief to the government's response to his § 2255 motion, Cummings reiterated his prior assertions of

4

counsel's failure to object on Apprendi grounds, explicitly noted counsel's failure to object to the sufficiency of the indictment, and identified all of these failures as demonstrating ineffective assistance of counsel.

Cummings's pleadings, liberally construed, set out specific failures by his trial counsel and assert that each of these failures rendered counsel constitutionally ineffective. As ineffective-assistance-of-counsel claims may be raised in a § 2255 motion, regardless of whether they could have been raised on direct appeal, the district court improperly determined that Cummings's claims (1) and (2) were procedurally barred. Despite this error, we need not remand for the district court to consider the claims, as Cummings urges us to do, because our own review of the merits reveals that the claims have no merit. Cf. Peoples v. Campbell, 377 F.3d 1208, 1235-36 (11th Cir. 2004) (in the § 2254 context, opting to review merits of ineffective-assistance claims for the first instance on appeal, rather than remanding, where the district court erroneously found claims were procedurally defaulted and did not reach merits).

To demonstrate that counsel's assistance was so defective as to require reversal of a conviction, a defendant must show that (1) counsel's errors were so deficient as to render his assistance not reasonably effective, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding

5

would have been different.  Strickland v. Washington, 466 U.S. 668, 687-96 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  When the effectiveness of counsel at sentencing is questioned, the test is not whether the sentencing court might have issued a different sentence, but only whether the original sentence comported with the law.  Jones v. United States, 224 F.3d 1251, 1259 (11th Cir. 2000).

Cummings asserts his counsel rendered constitutionally defective assistance when he (1) failed to object on the ground that the indictment charged Cummings with a "non-offense" because it stated that he conspired with other persons without specifically identifying a co-conspirator, and (2) failed to object on Apprendi or Blakely grounds to the district court's finding of drug type and drug quantity in convicting and sentencing Cummings.  Simply put, both of these claims fail under the first prong of Strickland.  First, counsel was not constitutionally deficient for failing to object to the absence of a specified co-conspirator in the indictment because, under the law of this Circuit, "an individual can be convicted of conspiracy with 'unknown persons' referred to in the indictment."  United States v. Figueroa, 720 F.2d 1239, 1244-45, 1245 n. 8 (11th Cir.1983).  Second, counsel was not constitutionally deficient for failing to object on Apprendi or Blakely grounds because the indictment charged and the jury specifically found

6

that Cummings's drug offense had involved more than five kilograms of cocaine, thus making him eligible for 21 U.S.C. § 841(b)(1)(A)'s statutory maximum sentence of life imprisonment, which he received.

Accordingly, we affirm the denial of Cummings's § 2255 motion, albeit on different grounds from the district court's analysis. Cf. Powers v. United States, 996 F.2d 1121, 1123-24 (11th Cir.1993) (stating that this Court can affirm on any ground that appears in the record, "whether or not that ground was relied upon or even considered by the court below").

**AFFIRMED.**