[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 30, 2009
THOMAS K. KAHN
CLERK

No. 08-17012
Non-Argument Calendar

_____

D. C. Docket Nos. 07-61271-CV-JIC, 04-60275 CR-JIC

BRUCE HERMITT BELL,

                                                      Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                      Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 30, 2009)

Before TJOFLAT, EDMONDSON and HULL, Circuit Judges.

PER CURIAM:

Petitioner Bruce Hermitt Bell, a federal prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Bell's § 2255 motion claims his trial and appellate counsel were both ineffective as to how they handled the selection of juror Fran Milarsky at his criminal trial. After review, we affirm.[1]

## I. BACKGROUND

### A. Trial and Direct Appeal

Petitioner Bell and his cousin, Anthony Bell, were tried together on charges of (1) conspiracy to possess with the intent to distribute 50 grams or more of crack cocaine, and (2) possession with intent to distribute 50 grams or more of crack cocaine. The jury convicted Bell and his co-defendant on both charges. Bell received a life sentence followed by ten years' supervised release. Bell appealed his convictions and sentence, but did not raise any claims relating to juror Milarsky. This Court affirmed Bell's convictions and sentence. See United States v. Bell, 218 F. App'x 885 (11th Cir.), cert. denied, 128 S. Ct. 95 (2007).

### B. Section 2255 Motion

Petitioner Bell filed a § 2255 motion arguing that juror Milarsky was

---

[1]In reviewing a district court's denial of a § 2255 motion, we examine legal issues de novo and underlying factual findings for clear error. Jones v. United States, 224 F.3d 1251, 1256 (11th Cir. 2000).

unqualified to sit as a juror because she displayed potential bias against him during voir dire by indicating that her work with children might affect her impartiality if the offense involved drugs. Bell claims his trial counsel was ineffective for not striking that juror and his new appellate counsel was ineffective on direct appeal. The magistrate judge's report ("R&R") recommended that the district court deny Bell's § 2255 motion, concluding that the record did not indicate that Milarsky was unable to be impartial or that she failed to follow the trial court's instructions. The district court adopted the R&R over Bell's objection and denied Bell's § 2255 motion. This Court granted a certificate of appealability ("COA") on these issues: (1) "[w]hether trial counsel was ineffective for failing to challenge a potentially biased juror"; and (2) "[w]hether appellate counsel was ineffective for failing to argue, on direct appeal, that the trial court erred by not sua sponte excusing a potentially biased juror."[2]

## II. DISCUSSION

### A. Ineffective Assistance of Trial Counsel

Bell argues that his trial counsel was ineffective for failing to strike juror

---

[2]We also granted a COA as to "[w]hether the trial court erred by failing to sua sponte excuse a potentially biased juror." However, that claim could have been raised on direct appeal, but was not. Thus, the correct formulation of the issue is whether Bell's appellate counsel was ineffective in failing to raise that claim on direct appeal. Moreover, as explained later, the sua sponte claim lacks merit in any event, which is why there is no ineffective assistance of counsel.

3

Milarsky.[3]  Bell contends that his trial counsel's failure to move the court to strike Juror Milarsky for cause, exercise a preemptory strike or at least revisit her indication of possible impartiality was objectively unreasonable.

To succeed on a claim of ineffective assistance of counsel, a movant must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  The performance prong requires the movant to establish that his "counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment."  Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).  The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. (quotation marks omitted).

Judicial review of counsel's performance is highly deferential, and there is a strong presumption that counsel's performance was reasonable.  Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc).  To overcome the presumption, the movant "must establish that no competent counsel would have

_____

[3]We review an ineffective assistance of counsel claim de novo.  Jones, 224 F.3d at 1256-57.

4

taken the action that his counsel did take."  Id. at 1315.

To exclude a prospective juror for cause, a party must demonstrate through questioning that the juror lacks impartiality.  Wainwright v. Witt, 469 U.S. 412, 423, 105 S. Ct. 844, 852 (1985).[4]  That is, the party "must demonstrate that the juror in question exhibited actual bias by showing either an express admission of bias or facts demonstrating such a close connection to the present case that bias must be presumed."  United States v. Chandler, 996 F.2d 1073, 1102 (11th Cir. 1993).  Actual bias exists if a juror is not "capable and willing to decide the case solely on the facts before him."  Rogers v. McMullen, 673 F.2d 1185, 1190 (11th Cir. 1982) (parentheses omitte).

As to excusals for cause, Bell has not shown that the court was required to excuse juror Milarsky for cause even if his counsel had so moved.  We recognize that juror Milarsky first indicated during individual questioning that she was not sure she could presume a defendant's innocence if the offense involved drugs and that the court then brought up juror Milarsky as a possible for cause challenge.  However, subsequent to her initial expression of uncertainty, multiple other

_____

[4]A criminal defendant has a Sixth Amendment right to a trial by an impartial jury.  U.S. Const. amend. VI.  "The constitutional standard for juror impartiality is whether the juror 'can lay aside his opinion and render a verdict based on the evidence presented in court.'"  United States v. Simmons, 961 F.2d 183, 184 (11th Cir. 1992) (quoting Patton v. Yount, 467 U.S. 1025, 1037 n.12, 104 S. Ct. 2885, 2892 n.12 (1984)).

5

questions and answers during during <u>voir dire</u>, plus the court's instructions to the venire, established that juror Milarsky could be impartial. <u>See, e.g.</u>, <u>United States v. Rhodes</u>, 177 F.3d 963, 965-66 (11th Cir. 1999) (concluding that, despite initial statements indicating prospective juror potentially was biased, further examination established that juror could be impartial); <u>United States v. Chandler</u>, 996 F.2d 1073, 1103-04 (11th Cir. 1993) (same); <u>Depree v. Thomas</u>, 946 F.2d 784, 788-90 (11th Cir. 1991) (same in habeas case). For example, after individual questioning, the district court asked the jurors to raise their hands if they would "lessen the government's burden" because the case involved crack cocaine. No juror raised a hand. When Bell's counsel addressed the venire as a whole and asked if anyone would be unable to find the defendant not guilty if the government failed to prove each and every element of the offense, juror Milarsky did not indicate she would have any such problem. And, importantly, Bell's counsel also explained that merely feeling uncomfortable because the case involved drugs did not mean that a person could not be a juror and that jurors needed to be fair and impartial and able to listen to a story. When Bell's counsel asked if everyone understood that, Juror Milarsky did not speak up. Bell's counsel also asked if everyone understood that jurors needed to be fair and impartial, and no juror indicated that they could not be impartial. Both Bell's counsel and the counsel for Bell's codefendant explained

the presumption of innocence and the government's burden of proof. Codefendant's counsel then asked whether anyone could not apply the presumption of innocence, and Juror Milarsky did not indicate that she could not.[5] Given the totality of the voir dire, Bell has not shown that he was entitled to have the court excuse juror Milarsky for cause.

As to Bell's own preemptory strikes, the record shows that Bell's counsel made an express decision to accept juror Milarsky. When the district court specifically brought up juror Milarsky, counsel for Bell's codefendant disagreed that Milarsky should be excused, noting that Milarsky had stated only that she was "not sure."[6] Later, when the court asked the defense whether there was a challenge to juror Milarsky, Bell's own counsel asked for a moment, presumably to confer

---

[5]Although codefendant's counsel did not specifically refer to Bell, both defendants were charged with the same offenses and juror Milarsky had no reason to differentiate between the two defendants.

[6]During this exchange the district court raised juror Milarksy as a possible candidate for a for-cause strike, and the government agreed. However, when co-defendant's counsel disagreed, the district court decided not to excuse her for cause, as follows:

> The Court: That's okay. Now it may speed things along if we address some of these obvious challenges for cause now so you don't waste your time questioning these folks.
> Now, if there are any of these that you want to go ahead and question, obviously we can. But the - - the ones that appear to be questionable, number six, Milarsky, does the government agree should be excused?
> Mr. Behnke: Yes, your honor.
> The Court: Defendants?
> Mr. Day: No, judge, I disagree. I think she said that she was not sure.
> The Court: All right.
> Mr. Day: I don't think that's a clear.
> The Court: We will leaver her there.

7

with codefendant's counsel, and then accepted juror Milarsky. Moreover, Bell's counsel had other preemptory strikes left, which further shows counsel made a strategic decision to retain juror Milarsky. See United States v. Simmons, 961 F.2d 183, 186 (11th Cir. 1992) (stating that defense counsel did not use all of their peremptory strikes, which suggested that there might have been a strategic reason for retaining the jurors in question).[7]

Assessing jurors during voir dire also requires an evaluation of demeanor and credibility. Review of counsel's performance is highly deferential in any case, but the case for deference is even greater when counsel is evaluating credibility. In sum, Bell did not show that juror Milarsky was actually biased and that no competent counsel would have failed to use a preemptory challenge to strike her. See Chandler v. United States, 218 F.3d 1305, 1314-15 (11th Cir. 2000) (en banc).

---

[7]In Simmons, three jurors stated during voir dire that they might have problems evaluating the case if the defendant, Simmons, did not testify or call witnesses in his defense. Id. at 185. A fourth juror stated that he would tend to believe a police officer's testimony over the testimony of a lay witness. Id. However, during voir dire, the district court asked the jury panel if it could hold the government to its burden of proof and apply the presumption of innocence, and no juror responded that he could not. Id. Then, at the close of voir dire, the district court addressed the jury panel as a whole and asked if in deciding the case they could hear the evidence and follow the law given to them by the district court, and no panel member indicated that he or she "would have difficulty." Id. at 186. The Court found that "this final colloquy with the potential jurors established an indication of impartiality such that the error in not sua sponte removing the jurors, if any error existed at all, was not so conspicuous that the judge and prosecutor were derelict in countenancing it." Id. (quotation marks omitted).

Therefore, the district court properly denied Bell's ineffective assistance of trial counsel claim.

**B.    Ineffective Assistance of Appellate Counsel**

On direct appeal, Bell had different counsel than his trial counsel. Bell contends that appellate counsel was ineffective because he did not challenge on direct appeal the district court's failure to <u>sua sponte</u> excuse juror Milarsky. A criminal defendant's appellate counsel is not required to raise all nonfrivolous issues on appeal. <u>Jones v. Barnes</u>, 463 U.S. 745, 751-54, 103 S. Ct. 3308, 3312-14 (1983). Because juror Milarsky was not challenged by trial counsel during <u>voir dire</u>, the standard of review on direct appeal would have been plain error. <u>See</u> <u>Simmons</u>, 961 F.2d at 185. Given the subsequent questions and answers of juror Milarksy and that Bell's counsel accepted the juror, Bell has not shown any plain error in the trial court's failing to <u>sua sponte</u> excuse juror Milarsky. Thus, Bell's appellate counsel was not ineffective on direct appeal for failing to claim the district court should have <u>sua sponte</u> struck juror Milarsky.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Bell's § 2255 motion.

**AFFIRMED.**

9