[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13400
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 08-80637-CV-KLR,
07-80149-CR-KLR

PIERRE LAHENS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 27, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Pierre Lahens, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We granted a certificate of appealability ("COA") on the following issue only:[1] "whether the district court erred by concluding that counsel was not ineffective for failing to argue at sentencing that a prior conviction as a youthful offender could not be used as a predicate offense to sentence the defendant as a career offender under U.S.S.G. § 4B1.1." Doc. 30.

On appeal, Lahens contends that his sentencing counsel's performance was deficient for failing to argue that his prior 2002 conviction, as a youthful offender, could not be used as a predicate offense to sentence him as a career offender under U.S.S.G. § 4B1.1. Specifically, Lahens argues that Florida state law prohibited a youthful offender adjudication from counting as a prior felony conviction. Lahens further argues that he was prejudiced by his counsel's performance because his sentencing range would have been significantly less had he not been classified as a career offender. Upon review of the record and consideration of the parties' briefs, we affirm.

---

[1] Lahens also contends that his counsel was ineffective for failure to object to inaccuracies in the PSI, to request an evidentiary hearing at sentencing, and to seek a below-guideline sentence. However, these arguments are outside the scope of the COA, and we will not consider them. Doc. 30 at 2–3; *see Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam) (The scope of review from a district court's denial of a § 2255 motion is limited to the issues specified in the COA.).

When reviewing a district court's denial of a § 2255 motion, we review legal issues *de novo* and factual findings under a clear error standard. *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009). "A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*." *Gordon v. United States*, 518 F.3d 1291, 1296 (11th Cir. 2008) (citation omitted).

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685–86, 104 S. Ct. 2052, 2063 (1984). This constitutional right includes the right to effective assistance of counsel at sentencing. *Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both (1) that his counsel's performance was deficient, *i.e.*, the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. *Strickland*, 466 U.S. at 687–88, 692, 104 S. Ct. at 2064, 2067. We need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697, 104 S. Ct. at 2069. "[T]he failure to raise nonmeritorious issues does not constitute ineffective assistance." *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

3

A district court may enhance a defendant's sentence as a career offender under § 4B1.1 if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

As used in § 4B1.1(a), the term "prior felony conviction" is defined as:

> a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen or older is an adult conviction. A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted . . . .

U.S.S.G. § 4B1.2, cmt. n.1.

We have held that "prior youthful offender convictions under state law may be used as predicate offenses to classify an adult defendant as a career offender under § 4B1.1 if the defendant's youthful offense resulted in an adult conviction and a sentence of more than one year and one month." *United States v. Wilkes*, 464 F.3d 1240, 1242 (11th Cir. 2006) (citation omitted).

Lahens failed to satisfy the *Strickland* test for ineffective assistance of

4

counsel.  The record shows that Lehens has two prior felonies that qualify as predicate offenses under § 4B1.1(a)—his 2002 youthful offender conviction for possession of cocaine with intent to sell and his 2004 conviction for aggravated fleeing or attempting to elude.  The district court properly determined that the 2002 youthful offender conviction satisfied the requirements for a "prior felony conviction" under U.S.S.G. § 4B1.1(a) because Lahens had already reached the age of 18 when he committed the offense, and he was sentenced to 2 years of imprisonment.  *See Wilkes*, 464 F.3d at 1242.  Because Lahens' 2002 youthful offender conviction was properly considered as a predicate felony under § 4B1.1, Lahens was not prejudiced nor was his counsel's performance deficient for failure to raise this nonmeritorious argument.  Accordingly, we affirm.

**AFFIRMED.**