[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 16, 2010
JOHN LEY
CLERK

No. 09-16259
Non-Argument Calendar

_____

D. C. Docket Nos. 09-00080-CV-1-WS
06-00256-CR-1-W

JAMES CORLEY,

                                                          Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                          Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 16, 2010)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

James Corley, a federal prisoner, appeals the denial of his 28 U.S.C. § 2255 motion to vacate because the district court found that he failed to establish the deficiency prong of his claim for ineffective assistance of counsel based on his attorney's alleged failure to advise him that he was likely to receive a sentencing enhancement for obstruction of justice if he testified at his sentencing hearing. We granted a certificate of appealability on the issue of whether the district court had erred by concluding that counsel was not ineffective for failing to advise Corley of the possibility of an obstruction-of-justice enhancement if he testified at his sentencing hearing. After careful review, we affirm.

In reviewing the denial of a motion to vacate, we examine the legal issues <u>de novo</u> and the factual findings for clear error. <u>Jones v. United States</u>, 224 F.3d 1251, 1256 (11th Cir. 2000). We review <u>de novo</u> the mixed question of law and fact presented in a claim of ineffective assistance of counsel. <u>Id.</u> at 1256-57. We afford great deference to the district court's credibility determinations. <u>United States v. Clay</u>, 376 F.3d 1296, 1302 (11th Cir. 2004).

A defendant is entitled to effective assistance of counsel during sentencing. <u>Jones</u>, 224 F.3d at 1259. In reviewing a claim for ineffective assistance at sentencing, we apply the two-part test set forth in <u>Strickland v. Washington</u>, 455 U.S. 668, 687 (1984). <u>Jones</u>, 224 F.3d at 1259. First, we must consider whether

counsel's performance was objectively reasonable under the prevailing professional norms. Strickland, 455 U.S. at 687-88. The review is highly deferential and must "indulge a strong presumption that the counsel's conduct f[ell] within the wide range of reasonable professional assistance." Id. at 689. Second, "[t]he defendant must show that there is a reasonable probability," "sufficient to undermine confidence in the outcome," "that, but for counsel's unprofessional errors, the result of the proceeding would have been different" considering the totality of the evidence before the trial court. Id. at 694-95. "[I]f the defendant makes an insufficient showing on one" component of the inquiry, it is not necessary for the court to address the other. Id. at 697. The burden lies with the movant to establish his claim by a preponderance of competent evidence. Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc).

A defendant in a criminal case has "a fundamental constitutional right to testify . . . at trial," but not to commit perjury. United States v. Teague, 953 F.2d 1525, 1530, 1532 (11th Cir. 1992) (en banc). Although the defendant's counsel cannot compel him to testify or to remain silent, counsel "bears the primary responsibility for advising the defendant of his right to testify or not to testify" and of "the strategic implications of each choice," because absent such advice and knowledge, the defendant can not intentionally relinquish the right to testify. Id. at

3

1532-33. "[A] defendant's right to testify does not include a right to commit perjury." United States v. Dunnigan, 507 U.S. 87, 96 (1993).

Here, the record shows that Corley's attorney testified at the evidentiary hearing that he thought that he had advised Corley about the obstruction-of-justice enhancement, as it was his usual practice to do so. The attorney further testified that even if he could not remember specifically advising Corley that he would be subject to an obstruction-of-justice enhancement if he testified at sentencing, he was confident that he reviewed the possible consequences of Corley testifying and having no one believe him. Based on this testimony, the district court found that Corley failed to show, by a preponderance of the evidence, that Soto neglected to impart information regarding the obstruction-of-justice charge to him. The district court also found that Corley established only that Soto could not "specifically testify, that he had informed Corley, in line with his standard practice." We afford these credibility determinations great deference, see Clay, 376 F.3d at 1302, and Corley has shown no clear error in the district court's factual findings that Corley failed to show that his attorney failed to impart to him information regarding the risks of an obstruction-of-justice enhancement. The district court therefore did not err in finding that Corley failed to establish deficient performance by his attorney.

**AFFIRMED.**