[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10708
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00135-PGB-LRH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANNY JAMES MCLAUGHLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 16, 2021)

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Danny McLaughlin pleaded guilty to two crimes: (1) attempted enticement

of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b); and (2)

using interstate commerce facilities to commit murder for hire in violation of 18 U.S.C. § 1958.  The district court sentenced him to life imprisonment—an upward variance from his recommended sentencing guidelines range of 168 months to 210 months—along with a fine for $300,000.  McLaughlin now appeals that sentence.

After careful review, we affirm McLaughlin's sentence, but vacate and remand for the limited purpose of allowing the district court to apportion the $300,000 fine between the two convictions.[1]

## I

McLaughlin first challenges his life sentence as substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007).  The party who challenges the sentence bears the burden of showing that the sentence was unreasonable considering the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2), including the need to reflect the seriousness of the crime, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's

---

[1] The facts are familiar to the parties, and we do not repeat them except as necessary to resolve the issue before us.

2

future criminal conduct.  18 U.S.C. § 3553(a), (a)(2)(A)-(C); *see also United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc).  The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1).  In considering these factors, the district court need not discuss each one individually but must acknowledge that it considered both the defendant's arguments and the § 3553(a) factors.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

For a sentence outside the guideline range, we must consider the extent of any variance and "give due deference to the district court's decision that the § 3553 factors, on a whole, justify the extent of the variance."  *United States v. Turner*, 626 F.3d 566, 573–74 (11th Cir. 2010) (quotation marks omitted).  When the district court decides after "serious consideration" that a variance is appropriate based on the § 3553(a) factors, it should explain that variance "with sufficient justifications."  *Gall*, 552 U.S. at 46–47.  The court's justifications must be compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review, but an "extraordinary justification" is not required.  *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009).  "A sentence's variance outside the guidelines range, whether upward or downward, represents a district court's judgment that the combined force of the other § 3553(a) factors are entitled to greater weight than the guidelines range."  *United*

3

*States v. Rosales-Bruno*, 789 F.3d 1249, 1259 (11th Cir. 2015).  We remand for resentencing only when we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).

Here, McLaughlin has not shown that his life imprisonment sentence was substantively unreasonable.  At sentencing, the district court expressly stated that it was considering the § 3553(a) factors, focusing on the nature and circumstances of McLaughlin's offense, the need to deter him and protect the public from him, and the need for the sentence to reflect the seriousness of McLaughlin's offenses and provide just punishment.  The court explained that McLaughlin's actions evinced concrete intentions to commit particularly heinous crimes.  And it highlighted the detail in which McLaughlin described his criminal objectives to an undercover agent and his meeting with the agent to make an initial payment.

McLaughlin argues that the district court placed too much emphasis on the egregiousness of his conduct and too little emphasis on other mitigating factors, such as his age, employment history, and abusive childhood.  But the choice of which factors to emphasize rests squarely within the district court's discretion.  *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013).  The court

4

acknowledged that it had considered the parties' arguments and the presentence investigation report ("PSI"), which included McLaughlin's arguments as to mitigating factors. And in considering the need to avoid sentencing disparities, the court identified two comparator cases with similar offenses and facts, where both defendants were sentenced to life imprisonment based on the heinous nature of the child sex crimes committed. *See United States v. Sarras,* 575 F.3d 1191, 1220 (11th Cir. 2009) ("Child sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable."); *United States v. Brown*, 772 F.3d 1262, 1267 (11th Cir. 2014) (upholding 143-month upward variance from the defendant's guideline range where the district court gave great weight to the need to protect the public from the defendant based on online chats about killing and cannibalizing children).

In sum, the district court gave serious consideration to whether a variance was warranted. It did not err in concluding that the egregiousness of McLaughlin's offenses supplied the compelling justification necessary to support an upward variance to life imprisonment.

**II**

**A**

Separately, McLaughlin challenges his fine of $300,000.  He contends that the district court erred as a matter of law under Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to address his arguments that the fine was substantively unreasonable and unconstitutionally excessive under the Eighth Amendment.  Under Rule 32(i)(3)(B), "for any disputed portion of the presentence report or other controverted matter," the district court must either "rule . . .  on the dispute" or "determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."  Here, McLaughlin says, the district court did not perform that function after he objected to his fine as "unduly punitive," given that he lacked the resources to pay it because of the "number of civil judgments being sought against him."  We review questions involving the legality of a sentence de novo.  *United States v. Vincent*, 121 F.3d 1451, 1453 (11th Cir. 1997) (quoting *United States v. Taylor*, 11 F.3d 149, 151 (11th Cir. 1994) (per curiam)).

Here, the district court did not err under Rule 32(i)(3)(B).  That rule governs factual disputes about contested *facts* in a presentence report, not a district court's legal conclusions about a defendant's final sentence.  *See Vincent*, 121 F.3d at 1453 ("[Rule 32(i)(3)(B)] is not applicable to an objection to a probation officer's

legal opinions or conclusions.").[2]  Here, there was no dispute about the facts in the presentence report, so the district court could not have violated Rule 32(i)(3)(B).

To the extent that McLaughlin's argument renews his substantive reasonableness and Eighth Amendment challenges to his sentence, they also fail. We review the imposition of a fine for clear error, *United States v. Long*, 122 F.3d 1360, 1366 (11th Cir. 1997), and the constitutionality of the fine under the Eight Amendment de novo, *United States v. Bajakajian*, 524 U.S. 321, 336–37 (1998).

The district court did not clearly err in imposing a $300,000 fine.  The Sentencing Guidelines require the district court to impose a fine unless the defendant establishes that he is unable to pay a fine and is unlikely to become able to pay.  U.S.S.G. § 5E1.2(a).  The burden is on the defendant to prove his inability to pay.  *United States v. Gonzalez*, 541 F.3d 1250, 1255 (11th Cir. 2008).  Once a

---

[2] *Vincent* addressed former Rule 32(c)(1), which contains the relevant rule now codified in 32(i)(3)(B):

> At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence, and must rule on any unresolved objections to the presentence report. The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections. For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing. A written record of these findings and determinations must be appended to any copy of the presentence report made available to the Bureau of Prisons.

*See* Fed. R. Crim. P. 32 Advisory Committee's Note (2002) ("Revised Rule 32(i)(3) addresses changes to current Rule 32(c)(1).").

district court decides that a fine is appropriate, it must consider the factors set forth in § 5E1.2, which overlap substantially with the § 3553(a) factors, to determine the amount of the fine. *See United States v. Hernandez*, 160 F.3d 661, 665 (11th Cir. 1998).[3]

Here, McLaughlin did not challenge the PSI's statements that he had approximately $360,000 in a retirement account available to him and did not argue that a fine, or even a lesser fine, was not warranted, prior to the court's pronouncement of his sentence. Moreover, the record shows that the district court considered the § 5E1.2 factors in determining the appropriate fine amount. The district court adopted the PSI, which included statements as to McLaughlin's financial resources and lack of dependents, and it was clear at sentencing that the victims, including McLaughlin's wife, were not seeking restitution. And the district court heard argument from the government regarding an appropriate fine

---

[3] U.S.S.G. § 5E1.2(d) lists eight factors:

(1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence; (2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources; (3) the burden that the fine places on the defendant and his dependents relative to alternative punishments; (4) any restitution or reparation that the defendant has made or is obligated to make; (5) any collateral consequences of conviction, including civil obligations arising from the defendant's conduct; (6) whether the defendant previously has been fined for a similar offense; (7) the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed; and (8) any other pertinent equitable considerations.

amount, including a consideration of the cost to prosecute and imprison McLaughlin. Finally, the $300,000 fine was within the $40,000 to $400,000 guideline fine range, and McLaughlin has not argued that the range was improperly calculated.

For that same reason, the $300,000 fine was not excessive under the Eighth Amendment. A fine imposed within the guideline fine range doesn't "surpass[] the usual, the proper, or a normal measure of proportion." *Bajakajian*, 524 U.S. at 335.

## B

Though the district court's fine was neither substantively unreasonable nor unconstitutionally excessive, the district court erred by not specifying the apportionment of the total $300,000 fine between the two convictions. "A general sentence is an undivided sentence for more than one count that does not exceed the maximum possible aggregate sentence for all the counts but does exceed the maximum allowable sentence on one of the counts." *United States v. Moriarty*, 429 F.3d 1012, 1025 (11th Cir. 2005) (quoting *Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000)). "Such sentences are *per se* illegal in this circuit, and require a remand." *Id.*

Here, the pertinent penalty provisions authorize a statutory maximum fine of $250,000 for each conviction. *See* 18 U.S.C. §§ 1958(a), 2422(b), 3571(b)(3).

9

Thus, although the total fine amount does not exceed the combined statutory maximum of $500,000, and we affirm the district court's imposition of a total $300,000 fine, we vacate the fine portion of the judgment and remand for the limited purpose of allowing the district court to specify how the $300,000 fine was apportioned between the two convictions.

### III

We **AFFIRM** McLaughlin's sentence, but **VACATE AND REMAND** so that the district court may apportion the $300,000 fine between the two convictions.