[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 12-12689 & 12-13244

_____

D.C. Docket Nos. 6:07-cr-00054-JA-GJK-1 & 6:07-cr-00073-JA-KRS-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

RICKY DOUGLAS HAYNES, JR.,

Defendant–Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(August 22, 2014)

Before WILSON, PRYOR and ROSENBAUM, Circuit Judges.

PRYOR, Circuit Judge:

This appeal requires us to decide whether a federal prisoner who directly

appeals a resentencing may raise new arguments unrelated to the errors corrected

at the resentencing. Ricky Haynes, a federal prisoner, filed a motion to vacate his

sentence, 28 U.S.C. § 2255, which the district court granted in part because his

sentence for possession of a firearm and ammunition as a convicted felon, 18 U.S.C. § 922(g), exceeded the 10-year statutory maximum, *id.* § 924(a)(2). Now that he has been resentenced on that count, Haynes wants more. He asks us to revisit an argument that he failed to raise in his direct appeal and unsuccessfully raised in his motion to vacate. But during the resentencing proceedings, Haynes invited the resentencing court to limit the scope of the resentencing to the counts affected by the order granting in part the motion to vacate. We will not now vacate that new sentence for errors beyond the scope of that limited resentencing.

## I. BACKGROUND

Haynes is currently serving three concurrent, 322-month sentences for five counts of conviction: three counts of possessing with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B), one count of possessing a firearm and ammunition as a convicted felon, 18 U.S.C. § 922(g), and one count of using and carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking offense, *id.* § 924(c).

A federal grand jury initially indicted Haynes for one count of possessing with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B), one count of possessing a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g), and one count of using and carrying a firearm, or possessing a firearm in furtherance of, a drug trafficking offense, *id.* § 924(c)(1)(A). Nearly a month later,

2

a federal grand jury indicted him for two counts of possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B). The same district judge oversaw both prosecutions, but the prosecutions were never consolidated.

Haynes pleaded guilty to all five counts in one hearing, and the district court sentenced him on all counts at another hearing. In the earlier filed case, case no. 6:07-cr-00054, the district court imposed a 322-month sentence for each of the three counts, to be served concurrently. Likewise, in the later filed case, case no. 6:07-cr-00073, the district court imposed two 322-month sentences, one for each count, to be served concurrently with the sentence in case no. 6:07-cr-00054.

The district court sentenced Haynes as a career offender under the advisory United States Sentencing Guidelines. *See* United States Sentencing Guidelines Manual § 4B1.1 (Nov. 2006). Haynes had three qualifying prior convictions: (1) resisting arrest with violence in violation of Florida law; (2) carrying a concealed firearm in violation of Florida law; and (3) possession with intent to distribute cocaine base in violation of Florida law. Haynes failed to object to the career-offender enhancement at sentencing, but he did object to a statement in the presentence investigation report that he qualified for an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The district court overruled that objection.

Haynes appealed his sentence. We asked appointed counsel to brief whether possessing a firearm as a convicted felon constituted a violent felony under the Armed Career Criminal Act. Appointed counsel argued that Haynes was no longer eligible for an enhancement under the Act, but that Haynes nevertheless remained eligible for the career-offender enhancement under the Guidelines. Appointed counsel then moved to withdraw his representation, and we granted that motion.

Haynes next filed a *pro se* motion to vacate his sentence, which raised seven arguments. Relevant to this appeal, Haynes argued that his sentence exceeded the statutory maximum because he was not an armed career criminal. Haynes also argued that he was erroneously sentenced as a career offender under the Guidelines because his prior convictions were not crimes of violence.

The district court granted the motion to vacate in part. The district court ruled that Haynes's 322-month sentence for possessing a firearm and ammunition as a convicted felon, 18 U.S.C. § 922(g), exceeded the applicable 10-year statutory maximum, *id.* § 924(a)(2). In the same order, the district court rejected Haynes's argument that he was not a career offender. The district court ruled that Haynes procedurally defaulted his argument that he was not a career offender because he failed to raise that argument in his direct appeal. The district court concluded that Haynes could not establish cause and prejudice to overcome that procedural default. As part of its partial grant of relief, the district court ordered that Haynes

4

"be resentenced on count three of case 6:07-cr-[000]54." The district court ordered *only* that count—possession of a firearm and ammunition as a convicted felon, *id.* § 922(g)—vacated.

The next day, the district court resentenced Haynes. When the resentencing court began the hearing, it called only case no. 6:07-cr-00054. The court then stated it planned "to take care of the business addressed in [the] Court's [motion to vacate] order dated April 25, 2012," which "require[d] resentencing because the sentence imposed in count three was illegal." Defense counsel agreed that the court had convened resentencing for that purpose. Defense counsel also acknowledged that "obviously" the court was "not going to touch the other case," case no. 6:07-cr-00073, involving the two-count indictment for possession with intent to distribute crack cocaine.

Defense counsel urged the resentencing court to "restructure" the total sentence in case no. 6:07-cr-00054 by modifying all three counts, but the court questioned its jurisdiction to modify anything other than the sentence for possession of a firearm and ammunition as a convicted felon, the only sentence the court vacated in its order partially granting the motion to vacate. Defense counsel persisted and asked that the court resentence count three to the statutory maximum penalty, 120 months, which could run concurrently with a 262-month sentence for count one, the drug offense, and consecutively with a 60-month sentence for count

two, the other firearm offense. That way, the total sentence would still equal 322

months. The district court again doubted it could modify the sentences for the other

counts:

> No, I don't think I can do that. Because the original sentence was 322
> months on each of counts one, two, and three . . . .

> The only thing I think I have jurisdiction to do is address counts three
> of that. I think the net is the same, but the structure is different.

> Because I don't think I can go back, based on the current ruling as
> issued by the Court; go back and disturb counts one and two. I've only
> addressed three.

The prosecutor then pointed the resentencing court to case law for the proposition

that the resentencing court had the authority to adjust Haynes's sentence for all

three counts.

Based on that agreement of the parties, the district court resentenced Haynes

as follows: 262 months of imprisonment on count one for possession with intent to

distribute crack cocaine; 60 months of imprisonment on count two for carrying or

using a firearm during and in relation to a crime of violence; and 120 months of

imprisonment on count three for possessing a firearm and ammunition as a

convicted felon. Haynes would serve the 262-month and 120-month sentences

concurrently and then serve the 60-month sentence consecutively. The total

sentence remained 322 months of imprisonment, which Haynes would serve

concurrently with the two 322-month sentences in case no. 06:07-cr-00073. After

announcing the restructured sentence, the court stated that "[t]he remaining

6

portions of the original judgment remain in effect" and that "the amendment only goes to th[e] extent just announced."

At the end of the resentencing hearing, Haynes reasserted his objection that he was erroneously sentenced as a career offender. The resentencing court allowed him to restate his objection. Defense counsel admitted that she understood that the objection would not have any effect on the resentencing proceedings and understood that the court had already denied that objection.

After his resentencing, Haynes applied for a certificate of appealability to contest the denial of the other claims he raised in the motion to vacate his sentence. He asked to appeal, in part, the career-offender enhancement. In his application, Haynes raised an altogether new argument about the career-offender enhancement. Haynes's newly appointed counsel discovered that one of the prior convictions cited in the presentence investigation report was too old to count for purposes of Haynes's criminal history score and the career-offender enhancement. *See* U.S.S.G. § 4A1.2(e), (k). But a judge of this Court denied his application, and a two-judge panel affirmed that denial. Without a certificate of appealability, we will not consider in this appeal his arguments about the partial denial of the motion to vacate. 28 U.S.C. § 2253(c)(1). We decline to reconsider for a second time the denial of his application, which presents an issue that Haynes failed to raise in the district court. *See* 11th Cir. R. 22-1(c) ("The denial of a certificate of appealability,

whether by a single circuit judge or by a panel, may be the subject of a motion for reconsideration but may not be the subject of a petition for panel rehearing or a petition for rehearing en banc."); *see also Johnson v. United States*, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003) ("Arguments not raised in the district court are waived."), *aff'd*, 544 U.S. 295, 125 S. Ct. 1571 (2005).

## II. STANDARD OF REVIEW

When a defendant raises a sentencing argument for the first time on appeal, we review any alleged error for plain error. *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009). That standard requires an error, that is plain, which affects substantial rights, and which "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1238–39 (alteration and internal quotation marks omitted). But if a defendant has "invited error," that error will not be grounds for reversal on appeal. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). We review for abuse of discretion the decision of a resentencing court to limit the scope of resentencing after remand from a court of collateral review. *United States v. Bryant*, 246 F.3d 650, 654 (6th Cir. 2001).

## III. DISCUSSION

In the two consolidated appeals, nos. 12-12689 and 12-13244, now before us, Haynes appeals his sentences. Haynes urges us to vacate those sentences so that a resentencing court can recalculate his guideline range and resentence him without

8

the career-offender enhancement. Relatedly, Haynes also contends that the new penalties under the Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(B)(iii), and an erroneous criminal history score warrant recalculating his guideline range.

We decline to vacate Haynes's sentences. When a court of collateral review grants a federal prisoner relief, section 2255 calls for an "appropriate" remedy. 28 U.S.C. § 2255(b) ("[T]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."). It was an "appropriate" remedy to vacate only the sentence exceeding the statutory maximum. And, as Haynes invited the resentencing court to do, the resentencing court exercised its discretion when it limited the resentencing hearing to correct only that issue. We will not now correct errors that Haynes invited the district court to ignore and that are wholly unrelated to the error corrected during resentencing.

"It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997) (internal quotation marks omitted). When a party invites an error, we are precluded from invoking plain-error review to reverse that error. *See United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005). For example, in *United States v. Love*, a defendant "repeatedly requested" the court to impose a term of imprisonment followed by a term of supervised release. 449 F.3d

9

at 1155. Then on appeal, the defendant argued that he was ineligible for supervised release and that the court should vacate the portion of his sentence requiring supervised release. *Id.* at 1155–56. Even though the defendant likely was ineligible for supervised release, we refused to vacate that part of the defendant's sentence because he invited the error. *Id.* at 1157; *see also United States v. Mancera-Perez*, 505 F.3d 1054, 1057 n.3, 1058 (10th Cir. 2007) (ruling that error was invited when a defendant failed to offer any argument at sentencing for a lower sentence and agreed with the district court that the length of the sentence imposed was reasonable).

Haynes asks us to vacate not only the restructured sentence, but also the two 322-month sentences in case no. 6:07-cr-00073, but Haynes did not ask the resentencing court to modify those sentences. Haynes's position now—that the two sentences from case no. 6:07-cr-00073 are also in play—is inconsistent with the position he took at resentencing. The resentencing court called only case no. 6:07-cr-00054, and Haynes did not object. Haynes's counsel told the resentencing court that the parties were "here for" only "the first case, the 7-54 case" and that "obviously" the resentencing court was "not going to touch the other case." Haynes then specifically asked the district court to modify only the sentences in case no. 6:07-cr-00054. Near the end of the proceedings, Haynes did not object when the resentencing court stated that "[t]he remaining portions of the original judgment

remain in effect" and "the amendment only goes to th[e] extent just announced." The resentencing court then issued a new judgment in both cases only to reaffirm that Haynes would serve the sentences concurrently.

We refuse to entertain Haynes's argument that the resentencing court should have corrected the two sentences in case no. 6:07-cr-00073—a dubious proposition given the limited scope of collateral relief—because Haynes invited the court to limit the resentencing proceedings to case no. 6:07-cr-00054. At resentencing, Haynes remarked that "obviously" the resentencing court would "not . . . touch the other case." We will not now fault the district court for abiding by his request. *See Silvestri*, 409 F.3d at 1327.

Haynes also invited the resentencing court to limit the resentencing to restructuring the sentences affected by the partially vacated sentence. At the resentencing, all parties acknowledged that they were there to correct the 322-month sentence for possession of a firearm and ammunition as a convicted felon, 18 U.S.C. § 922(g), which exceeded the statutory maximum, *id.* § 924(a)(2). And defense counsel herself proposed the amended sentence lengths. To be sure, defense counsel reasserted the objection to the career-offender enhancement at the end of the resentencing, but she expressed that she did not expect that objection to have any "effect" on the resentencing.

Given this conduct at the resentencing, we will not entertain Haynes's argument about the career-offender enhancement. Just as the defendant in *Love* asked for a sentence with supervised release, 449 F.3d at 1155–57, Haynes asked for an amended sentence that incorporated the career-offender enhancement. Because Haynes appeals the very sentence he invited the resentencing court to impose, we decline to review the alleged errors.

We finally note that, even if Haynes had not invited the resentencing court to limit its review, a resentencing court has the discretion to limit resentencing to the "appropriate" relief granted in the order to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255(b). Haynes's court of collateral review ruled that the sentence imposed for his conviction for possession of a firearm and ammunition as a convicted felon was illegal. As a result, the court vacated that particular sentence and ordered resentencing. In that same order granting partial relief, the court denied relief to Haynes on the basis that he was erroneously sentenced as a career offender. We cannot now rule that the resentencing court abused its discretion when it did not address Haynes's argument that he was erroneously sentenced as a career offender—an argument that the district court on collateral review *denied*—and instead limited the resentencing to the counts affected by the collateral-review proceedings. *See United States v. Willis*, 649 F.3d 1248, 1256 (11th Cir. 2011) ("The district court rejected [the defendant's

arguments] regarding those issues and had no reason to relitigate what had, in its view, been decided without error."); *Bryant*, 246 F.3d at 654 ("When a district court orders a resentencing the court has the power to determine the appropriate scope of the resentencing."); *United States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997) ("[T]he statute[, 28 U.S.C. § 2255,] gives district judges wide berth in choosing the proper scope of post-2255 proceedings."); *United States v. Moore*, 83 F.3d 1231, 1235 (10th Cir. 1996) ("[W]here the district court itself ordered the vacation, it has the discretion to determine the scope of the resentencing.").

## IV. CONCLUSION

We **AFFIRM** Haynes's sentence.