[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14079
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00020-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS S. HOLMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 19, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Marcus S. Holmes appeals his 57-month sentence for failing to register as a sex offender under 18 U.S.C. § 2250(a). Holmes contends the district court plainly erred by running his sentence consecutively to a 15-year sentence Holmes is serving for sexual assault under Florida law. According to Holmes, the sexual-assault conviction was relevant conduct for purposes of U.S.S.G. § 5G1.3(b)(2), thus the district court was required to run his sentences concurrently. *See* U.S.S.G. § 5G1.3(b)(2). After review,[1] we affirm.

At sentencing, the district court asked Holmes' counsel whether a concurrent sentence was mandatory. *See* USDC Doc. 61 at 13. Holmes' counsel confirmed "[i]t's absolutely discretionary." *Id.* The district court then clarified its question: "[W]hen I say 'discretionary versus mandatory,' there are certain instances in which you must run things concurrently and nobody is suggesting that's the case here; correct?" *Id.* at 14. Holmes' counsel replied that was correct. *Id.*

We have consistently held that parties cannot appeal from errors they invited. *See United States v. Haynes*, 764 F.3d 1304, 1308 (11th Cir. 2014) ("When a party invites an error, we are precluded from invoking plain-error review to reverse that error."); *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) ("We do not reach the merits of Love's arguments because we conclude

---

[1] Where, as here, a sentencing argument is raised for the first time on appeal, we review for plain error. *United States v. Haynes*, 764 F.3d 1304, 1308 (11th Cir. 2014). But an "invited error," plain or otherwise, is not grounds for reversal. *Id.*

Love induced or invited the ruling he now claims was error."); *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005) ("Where invited error exists, it precludes a court from invoking the plain error rule and reversing." (quotation omitted)); *United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." (quotation omitted)).  Here, Holmes told the district court it had discretion to impose a consecutive sentence.  Holmes cannot complain on appeal that the district court followed his advice.

    **AFFIRMED.**