[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10683
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20400-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT J. VITALE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 21, 2018)

Before TJOFLAT, MARCUS, and  ROSENBAUM , Circuit Judges.

PER CURIAM:

Robert Vitale appeals the sentence he received after he violated the terms of his supervised release. The sentence was the precise sentence he and the Government asked the Court to impose. His appeal asks whether the invited error doctrine precludes our review. We find that it does and accordingly affirm.

I.

On May 29, 2013, Robert Vitale was charged by information with obstruction of proceedings before the United States Securities and Exchange Commission, in violation of 18 U.S.C. § 1505, and perjury, in violation of 18 U.S.C. § 1621. Vitale pled guilty to both counts. On September 11, 2013, the District Court sentenced Vitale to 24 months' imprisonment followed by three years' supervised release. In addition to the standard conditions for release, the Court imposed a number of special conditions, including:

- Prohibiting Vitale from associating with or visiting any broker, dealer, or financial firm;

- Requiring Vitale to file his tax returns for years 2009 through 2012 with the IRS;

- Requiring Vitale to provide complete access to his financial information to the probation officer;

- Prohibiting Vitale from soliciting or incurring any further debt without permission from the probation officer;

- Prohibiting Vitale from participating in any manner in any investment, real estate, or loan modification transactions; and

- Prohibiting Vitale from entering into self-employment without permission.

As part of Vitale's sentence, the District Court also ordered him to pay $161,583.40 in restitution, as well as a $50,000 fine and a $200 special assessment.

Two years later, Vitale completed his prison sentence and began his term of supervised release. On October 23, 2017, while on supervised release, the United States Probation Office charged Vitale with 27 violations of the conditions of his release.[1] These violations included: failing to provide complete access to financial information; entering into self-employment without permission; participating in the business of real estate; soliciting and incurring further debt without permission; failing to file his tax returns; and unlawfully using a controlled substance.

A summons issued, and Vitale was ordered to show cause why his supervised release should not be revoked.[2] At the revocation hearing on January 29, 2018, Vitale pled guilty to the violation of twelve conditions of supervise release. The District Court accepted his guilty plea, and the next day imposed a sentence the parties jointly recommended: six months' imprisonment followed by 18 months' supervised release. Following the imposition of sentence, the Court

---

[1] The probation office subsequently alleged additional violations.

[2] At an initial appearance before a Magistrate Judge on November 7, 2017, Vitale was advised of his rights, the Federal Public Defender was appointed to represent him, and he was released on a personal surety bond in the sum of $500,000.

3

elicited the parties' objections. Having agreed to the sentence handed down, they had none.

Evidently, Vitale has had a change of heart. He filed a timely appeal on February 11, 2018, challenging the sentence he had requested.

## II.

Ordinarily, this Court reviews the legality of a sentence *de novo*, including one imposed pursuant to revocation of supervised release. *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007). And this Court ordinarily reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Hayes*, 762 F.3d 1300, 1307 (11th Cir. 2014). But this Court does not review invited error. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (per curiam).

As this Court has repeatedly held, "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *Id.* (citation omitted). Thus, we cannot review an error that the complaining party induced the district court into making. *See United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005) ("Where invited error exists, it precludes a court from invoking the plain error rule and reversing." (citation omitted)). The invited error doctrine "stems from the common sense view that

4

where a party invites the trial court to commit error, he cannot later cry foul on appeal." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

Our ruling in *Love* most closely controls this case. There, the defendant "repeatedly requested" the District Court to impose a sentence of supervised release "in lieu of additional jail time." *Love*, 449 F.3d at 1157. The defendant asked the Court to order supervised release in the plea agreement and again at the plea colloquy. *Id.* Then, when the Court did what the defendant asked, he appealed—claiming that the sentencing statute did not allow for a term of supervised release. *Id.* at 1156. We refused to consider the issue on appeal, citing the invited error doctrine, *id.* at 1157, "[e]ven though the defendant likely was ineligible for supervised release," *United States v. Haynes*, 764 F.3d 1304, 1309 (11th Cir. 2014) (discussing *Love*). That is the situation here. *Love* requires that we affirm the District Court's judgment.

**AFFIRMED.**