[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10717
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00102-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALTONNE MARQUAVIYES FINLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 5, 2020)

Before WILLIAM PRYOR, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Altonne Finley challenges his 210-month sentence for possessing powder cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Finley argues that his lawyer provided ineffective assistance of counsel by failing (1) to object to his § 922(g)(1) charge on the basis that neither his indictment, nor his plea agreement, nor the district court informed him that knowledge of his status as a felon was an element of the charged offense; and (2) to notify the district court of a change in the law relating to penalty enhancements for repeat offenders under the First Step Act of 2018.  Finley also asserts that his conviction and plea are invalid in light of the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  Lastly, Finley argues that § 922(g) is unconstitutional because it exceeds the limits of Congress's power under the Commerce Clause.

As the facts of the case are familiar to the parties, we'll proceed straight to the merits of Finley's appeal.

## I

The Constitution provides criminal defendants the right to effective assistance of counsel.  U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984).  Generally, a defendant's right to effective assistance of

counsel applies at all stages of a criminal prosecution. *See United States v. Wade*, 388 U.S. 218, 226–27 (1967). To demonstrate ineffective assistance of counsel, the "defendant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) that such failure prejudiced him in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (internal quotation marks and citation omitted).

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, he must show that "the result . . . would have been different." *Id.* at 694. Specifically, where a defendant pleads guilty, he must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"Whether a criminal defendant's trial counsel was ineffective is a mixed question of law and fact, subject to *de novo* review." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) (quotation omitted). "We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *Id.*

"The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (internal quotation marks and citation omitted). "If the record is sufficiently developed, however, this court will consider an ineffective assistance of counsel claim on direct appeal." *Bender*, 290 F.3d at 1284. Because the record here is sufficiently developed, we'll consider Finley's two ineffective-assistance-of-counsel claims in turn.

**A**

Finley first contends that his lawyer provided ineffective assistance of counsel by failing to object to his § 922(g)(1) charge on the ground that his indictment, his plea agreement, and the district court failed to inform him that knowledge of his status as a felon was an element of the charged offense.

An attorney's failure to anticipate a change in the law typically will not support a claim of ineffective assistance of counsel. *See Black v. United States*, 373 F.3d 1140, 1146 (11th Cir. 2004); *Jones v. United States*, 224 F.3d 1251, 1257–58 (11th Cir. 2000) ("Since the district court would be required to follow the law of this circuit until it was overruled by the Supreme Court or an *en banc* panel of this court, it was not completely unreasonable for counsel to make a strategic decision to forego a claim that was a loser under the then-current state of the

4

law."). Furthermore, "it generally does not fall below the objective standard of reasonableness for trial counsel to fail to raise a claim in anticipation that undeniably would lose under current law but might succeed based on the outcome of a forthcoming Supreme Court decision." *Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

In *Rehaif*, the Supreme Court reversed our precedent and concluded that the word "knowingly" in 18 U.S.C. § 924(a)(2) modifies the elements of § 922(g) so that "in a prosecution under . . . § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2195–96, 2200. We've since held that *Rehaif* "did not announce a new rule of constitutional law"—rather, it clarified that knowledge of one's status as a felon is an element of § 922(g)(1). *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (internal quotation marks omitted).

Here, Finley's counsel did not provide ineffective assistance relating to the *Rehaif* issue. This Court's precedent clearly forecloses an ineffective-assistance-of-counsel claim based on failure to raise an objection that would not succeed under current law, but which could succeed depending on a forthcoming Supreme Court decision. *See Black*, 373 F.3d at 1146; *Dell*, 710 F.3d at 1282. Because our law at the time of Finley's plea hearing established that what would eventually

become known as a *Rehaif*-based objection would fail, *see United States v. Reed*, 941 F.3d 1018, 1020–21 (11th Cir. 2019), Finley's counsel was not deficient for failing to raise such an objection.

**B**

Finley next contends that his lawyer provided ineffective assistance by failing to notify the district court of a change in the law regarding penalty enhancements for repeat offenders under the First Step Act of 2018.

If a defendant faces a charge under 21 U.S.C. § 841 and has previously been convicted of a serious drug felony, the government may file a notice for enhanced penalties under 21 U.S.C. § 851. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)–(B), 851(a)(1). Section 401 of the First Step Act changed the nature of the predicate felonies that could be used to apply these enhanced penalties for repeat offenders. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Specifically, the First Step Act added two new requirements for an offense to qualify as a serious drug felony: (1) "the offender [must have] served a term of imprisonment of more than 12 months"; and (2) the offender must have been released no more than 15 years before the instant offense. *Id.* § 401(a)(1).

Finley's counsel was not deficient for failing to raise this change in the rules under the First Step Act. This issue was not relevant to sentencing, as the government explicitly did not seek an enhancement in this case. Finley, however,

6

alleges that "[a] judge who has disfavor for a defendant . . . may consider the government's decision not to invoke the enhancement as a justification for the court to apply an upward departure from the sentencing guidelines."  Even assuming that is true, the judge here explicitly stated his reasons for varying above the recommended Sentencing Guidelines range, none of which related to the considerations underlying the First Step Act—rather, the judge's rationale was rooted in the serious nature of Finley's crimes.[1]  Accordingly, Finley's counsel was not ineffective as to this issue.

## II

### A

We next consider whether Finley's indictment and conviction are invalid in light of the Supreme Court's ruling in *Rehaif*.

When, as here, a party fails to raise an issue before the lower court, we review only for plain error.  *See United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005).  Indeed, "[e]ven where a new rule of law is at issue . . . a court of appeals [may not] overlook a failure to object unless" there is plain error. *Henderson v. United States*, 568 U.S. 266, 272 (2013).  A party may establish plain

---

[1] The district court noted that Finley had (1) "threatened to shoot children and a witness"; (2) "possessed drugs"; (3) "possessed a [stolen] high-capacity rifle with a 30-round clip in it"; (4) had a number of previous convictions pertaining to illegal firearm and drug possession; (5) had multiple domestic violence convictions; and (6) displayed a pattern of disorderly conduct towards law enforcement officers.

error by showing that there was "an error, that is plain, which affects substantial rights." *United States v. Haynes*, 764 F.3d 1304, 1308 (11th Cir. 2014). "Substantial rights are affected if there is a reasonable probability of a different result absent the error." *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015). Where a defendant challenges a conviction after pleading guilty, he "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." *Id.* (quoting *Strickland*, 466 U.S. at 694).

Additionally, we should not correct a plain error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Haynes*, 764 F.3d at 1308 (quotation omitted). And where a defendant fails to establish one element of plain-error review, we need not assess the remaining elements. *See United States v. Candelario*, 240 F.3d 1300, 1312 (11th Cir. 2001).

**B**

Section 922(g)(1) provides that it is "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or

8

ammunition." Section 924(a)(2) provides that any person who "knowingly violates" § 922(g) may be punished by up to ten years in prison. In *Rehaif*, the Supreme Court concluded that the word "knowingly" in § 924(a)(2) modifies the elements of § 922(g) so that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2195–96, 2200.

We recently held that a defendant's indictment that failed to charge him with knowing his prohibited status when possessing a firearm was a plain error in light of *Rehaif*. *Reed*, 941 F.3d at 1021 ("[The defendant] has established errors in his indictment and at his trial that *Rehaif* made plain."). But, in *Reed*, we held that because the defendant there had been convicted of multiple felonies, had stipulated to his status as a felon, and had testified "that he *knew* he was not supposed to have a gun," he couldn't "prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his" judicial proceedings. *Id.* at 1021–22.

Here, for at least three reasons, we need not vacate Finley's guilty plea or conviction. First, we have held that voluntary and intelligent guilty pleas are not rendered involuntary or unintelligent by subsequent judicial decisions but are enforceable unless a provision in the plea agreement states otherwise. *See United*

*States v. Sanchez*, 269 F.3d 1250, 1284–86 (11th Cir. 2001) (en banc) (rejecting defendants' arguments, in the wake of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that their guilty pleas were invalidated by a change in the law), *abrogated on other grounds by United States v. Duncan*, 400 F.3d 1297 (11th Cir. 2005). Second, Finley has not shown that he would have pleaded not guilty but for the error, as he fails to offer arguments on that issue. And third, even if Finley had asserted that he would not have pled guilty but for the *Rehaif* error, the record sufficiently establishes that Finley knew of his status as a convicted felon based on the nature of the offenses for which he was previously convicted, and he answered in the affirmative when asked at his plea hearing whether he was "aware as a felon [that he was] not allowed to possess any weapons." Thus, these errors did not affect Finley's substantial rights.

### III

Finally, we consider Finley's argument that 18 U.S.C. § 922(g) is unconstitutional because it exceeds Congress's power under the Commerce Clause. "We review a district court's conclusions as to the constitutionality of a challenged statute *de novo*." *United States v. Eckhardt*, 466 F.3d 938, 943 (11th Cir. 2006). "[O]nly the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision." *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir. 2004).

It is unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(g)(1).  "We have repeatedly held that Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement."  *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011).  "The jurisdictional requirement is satisfied when the firearm in question has a 'minimal nexus' to interstate commerce," and § 922(g)(1) is "not unconstitutional as applied to a defendant who possessed a firearm only intrastate" if "the firearm in question . . . travelled in interstate commerce."  *Id.* (internal quotation marks and citations omitted).

Here, there is no error because, as Finley concedes, binding precedent forecloses his arguments regarding the Commerce Clause.  *See id.*  And, in any event, § 922(g) was not unconstitutionally applied in Finley's case because he admitted in his plea agreement that his gun and ammunition moved through interstate commerce, which is a sufficient nexus.

**AFFIRMED.**

11