[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11720

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EMANUEL BEACH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cr-00029-AW-MAF-1

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Emanuel Beach appeals his conviction and 360-month sentence for possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).  First, Beach contends that the district court abused its discretion by denying his motion to withdraw his guilty plea despite his repeated claims that his lawyer had promised a ten-year sentence if he pled.  Second, he says that the district court's sentence is procedurally and substantively unreasonable.  Third, Beach argues that the district court erred in classifying him as a career drug offender and enhancing his sentence as a result.

The parties are acquainted with the facts, so we repeat them here only as necessary to decide the case.  After considering the record and the parties' briefs, we affirm.

**I**

We review the district court's decision to deny a defendant's motion to withdraw a guilty plea for abuse of discretion.  *United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996).  "The denial of a motion to withdraw a guilty plea is not an abuse of discretion unless the denial was arbitrary or unreasonable."  *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (internal quotation omitted).

The defendant may withdraw his guilty plea after the district court accepts it but before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). But "[t]here is no absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). The "good faith, credibility and weight" of the defendant's representations in support of the motion to withdraw are issues for the trial court to decide. *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988). Furthermore, "[t]here is a strong presumption that the statements made during the [plea] colloquy are true." *Medlock*, 12 F.3d at 187. Thus, any post-colloquy withdrawals "bear[] a heavy burden to show" that the statements made under oath were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

To analyze the propriety of a defendant's request to withdraw his plea, we consider the totality of the circumstances, paying particular attention to the four *Buckles* factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Buckles*, 843 F.2d at 472 (internal citation omitted). A defendant isn't permitted to use his guilty plea to gauge the potential sentence that he faces. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). Thus, the timing of the motion is relevant because it could point to the defendant's motivation for seeking to withdraw his guilty plea. *Id.*

The totality of the circumstances reveals that the district court didn't abuse its discretion in denying Beach's motion to withdraw his guilty plea. On the first *Buckles* factor, Beach confirmed that he received close assistance of counsel. *See Buckles*, 843 F.2d at 472. During the change of plea hearing colloquy, Beach stated that he had spoken with his counsel about his criminal charge and understood the penalties it carried. Beach stated that he was satisfied with his counsel's representation, denied having any complaints about his counsel, and said that there was nothing that he thought his counsel should have done differently. His sworn statements indicate that he received close assistance of counsel.

As for the second *Buckles* factor, the transcript from Beach's plea colloquy shows that he entered the plea agreement knowingly and voluntarily. *See Buckles*, 843 F.2d at 472. As for voluntariness, Beach denied that the government had made any promises that weren't included in the plea documents or that anyone had threatened him. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). He also confirmed that no one promised him what his sentence would be. While Beach now asserts that his attorney made him promises about his sentence, he marshals scant evidence to overcome the strong presumption that his previous statements during the plea colloquy were true. *See Medlock*, 12 F.3d at 187.

As to knowledge, the district court read aloud Beach's charge and the elements of that charge during the plea colloquy. The transcript shows that he knew the factual basis and terms of his plea agreement. Beach also stated that he understood how his

conduct mapped onto the charge. When the district court asked if he was planning to use all of the methamphetamine or if he planned to distribute it to others, he replied, "[b]oth." Beach then confirmed that he intended to distribute and sell at least five grams of methamphetamine. Finally, Beach stated that he understood the consequences of his plea, including the effect of the government's notice of enhancement and the minimum and maximum statutory sentence based on his prior convictions. He also acknowledged that his actual sentence would be determined at a subsequent hearing and could range up to life imprisonment. Likewise, he knew that the length of his resulting sentence wouldn't constitute a basis to withdraw his guilty plea. Accordingly, Beach failed to show that he didn't enter into the guilty plea knowingly and voluntarily. *See Buckles*, 843 F.2d at 472.

What's more, Beach brought the pertinent motion to withdraw his guilty plea only after the district court announced that it intended to sentence him to 360 months' imprisonment. That suggests that his motivation was due to dissatisfaction with his sentence, which isn't a valid basis for Beach to withdraw his guilty plea. *Gonzalez-Mercado*, 808 F.2d at 801.

If an appellant doesn't satisfy the first two *Buckles* factors, it isn't necessary to thoroughly analyze the remaining two. *See id.* (affirming a district court's denial of a motion to withdraw a guilty plea based on the first two factors but declining to give "considerable weight" to the third factor or "particular attention" to the possibility of prejudice to the government). Because Beach failed the

first two *Buckles* factors, we conclude that the district court didn't err in denying his motion to withdraw his guilty plea. *See id.*

## II

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as improperly calculating the Guidelines range, selecting the sentence based on clearly erroneous facts, inadequately explaining the chosen sentence, or failing to consider the § 3553(a) factors. *Gall v. United States*, 522 U.S. 38, 51 (2007). We review the procedural reasonableness of a sentence for abuse of discretion, the interpretation and application of the Guidelines de novo, and the factual findings for clear error. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

The district court didn't impose a procedurally unreasonable sentence in Beach's case. It properly calculated his adjusted offense level of 37 and Guidelines range of 360 months to life imprisonment, and it correctly noted that the minimum term of imprisonment was 10 years with the maximum being life. U.S.S.G. §§ 2D1.1, 3C1, 4B1.1(b)(1); 21 U.S.C. § 841(b)(1)(B)(viii). Additionally, in fashioning Beach's sentence, the district court considered the statutory purposes of sentencing, the advisory guidelines, the § 3553(a) factors, and the parties' arguments. Finally, there is no indication in the record that the district court selected the sentence based on clearly erroneous facts or failed to adequately explain the chosen sentence. *See Gall*, 522 U.S. at 51.

After reviewing for procedural error, we consider the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Gall*, 552 U.S. at 51. On substantive reasonableness review, we may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). Although we don't "automatically presume a sentence" falling within the Guidelines range is reasonable, we ordinarily expect such a sentence to be so. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indication of reasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Beach contends that his sentence is substantively unreasonable because the district court improperly considered testimony from government cooperators about unconnected drug transactions that occurred a year before Beach was ultimately arrested for the present violation. There are no limitations on the information a sentencing court may receive and consider "concerning the background, character, and conduct of the person convicted of an offense." 18 U.S.C. § 3661. For instance, the sentencing court may consider uncharged and acquitted conduct when determining the appropriate sentence. *United States v. Maitre*, 898 F.3d 1151, 1160 n.6 (11th Cir. 2018) (quoting *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006)). Even if a defendant's conduct is completely unrelated to his offense of conviction, it may be considered as part

of his history and characteristics under § 3553(a).  *United States v. Overstreet*, 713 F.3d 627, 638 n.14 (11th Cir. 2013).

The district court here explicitly stated that it considered the additional drug quantity that the cooperators attributed to Beach only to inform Beach's history, background, character, and conduct under § 3553(a), not to calculate his Guidelines range.  Thus, it didn't err in considering their testimony.  *Maitre*, 898 F.3d at 1160 n.6.  Furthermore, Beach's 360-month sentence is at the bottom of the Guidelines range and well below the maximum penalty of life imprisonment, which further indicates that his sentence is reasonable.  *Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324.  Accordingly, Beach's 360-month sentence is both procedurally and substantively reasonable.  *See Gall*, 552 U.S. at 51.

### III

Finally, Beach contends that the district court improperly elevated his total offense level from 34 to 37 based on its determination that two prior Florida drug-related convictions required applying the career-offender enhancement.  *See* U.S.S.G. § 4B1.1(a), (b)(1).  We disagree with Beach on two bases.

First, the district court didn't err in its determination that Beach qualified for the career-offender enhancement.  This Court has held that drug convictions under Fla. Stat. § 893.13—the statute under which Beach was previously convicted—are controlled substance offenses under § 4B1.2(b) of the Sentencing Guidelines.  *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014).  Beach was, therefore, correctly designated as a career offender.

And second, even if that determination were error, Beach invited it when he conceded at sentencing that he, indeed, qualified as a career offender. The invited-error doctrine is the cardinal rule of appellate review that a party may not challenge a ruling or other trial proceeding that he invited. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). The doctrine's rationale is the commonsense view that when a party invited the sentencing court to commit error, he "cannot later cry foul on appeal"; no litigant should benefit from introducing error in the district court hoping to create grounds for appeal. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009). The doctrine applies when a defendant induced the district court's error or expressly agreed that the district court should make the erroneous ruling. *United States v. Feldman*, 931 F.3d 1245, 1260 (11th Cir. 2019).

In *United States v. Haynes*, we held that a defendant had invited the very error that he contested on appeal—that he was impermissibly sentenced as a career offender—when he requested a sentence that "incorporated the career-offender enhancement." 764 F.3d 1304, 1310 (11th Cir. 2014). Beach's concession that he was a career offender amounts to the same invitation of error.

**AFFIRMED.**